RECEIVED
DEC 06 2010
U.S.D.C. S.D. N.Y.
COMPLETED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

INOCENCIO GARCIA,                                       :
                                                        :
                              Plaintiff,                :        **FIRST AMENDED**
                                                        :        **COMPLAINT AND**
              -against-                                 :        **JURY DEMAND**
                                                        :
43RD STREET DELI, INC. a/k/a BELLA VITA                 :
PIZZERIA, MARINOS FRANGISKOS,                           :
JOHN PAPPAS, and PETER SKEADAS,                         :
jointly and severally,                                  :
                                                        :        Docket No. 09 cv 7519
                              Defendants.               :
-------------------------------------------------------------X

## NATURE OF THE ACTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendants for overtime

work for which he did not receive overtime premium pay, as required by law, (ii) entitled

to unpaid minimum wages from Defendants for hours he worked in which he was not

paid the full minimum wage, and (iii) entitled to reasonable attorney's fees and liquidated

damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et

seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime

wages from Defendants for his work beyond 40 hours per week; unpaid minimum wages

payments for all hours in which he was paid less than the minimum wage, unpaid spread

of hours payments from Defendants for each day he worked 10 or more hours; and

liquidated damages equal to 25 percent of his unpaid minimum wages, spread of hours,

and overtime wages; and attorneys fees and costs.

1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.     Plaintiff, INOCENCIO GARCIA, was at all relevant times, an adult individual, residing in Kings County, New York.

7.     Upon information and belief, Defendant 43RD STREET DELI, INC. a/k/a BELLA VITA PIZZERIA, is a New York corporation with its principal place of business in New York County.

8.     Upon information and belief, Defendant PETER SKEADAS is a New York State resident.

9.   Upon information and belief, Defendant MARINOS FRANGISKOS is a New York State resident.

10. Upon information and belief, Defendant JOHN PAPPAS is a New York State resident.

## STATEMENT OF FACTS

11.     At all relevant times, Plaintiff was employed by the Defendants to perform duties such as dishwashing, food preparation, purchasing food ingredients, and cleaning.

12.     Plaintiff was paid less than the applicable minimum wage for many if not all of the hours he worked.

13.     Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times the applicable minimum wage, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law.

14.     Plaintiff was employed by the Defendants from approximately 2005 until July 2009.

15.     Plaintiff was paid approximately $300 per week and worked approximately seventy-two hours per week.

16.     Plaintiff was not compensated for his final week of employment.

17.     Plaintiff was not paid time and a half wages for hours he worked over forty.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

18.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as if they were set forth again herein.

19.     At all relevant times, upon information and belief, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

21.     Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

22.     Upon information and belief, Defendants employed two or more employees during the time of Plaintiff's employment with Defendants.

### FLSA: FAILURE TO PAY OVERTIME

23.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek.

24.     As a result of the Defendants' willful failure to lawfully compensate Plaintiff at a rate not less than one and one-half times the applicable minimum wage rate for work performed in excess of forty hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

### FLSA: UNPAID MINIMUM WAGES

25.     Defendants willfully failed to pay Plaintiff at the applicable minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

26.     Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

28.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

29.     At all times relevant to this action, the state minimum wage was $6.00 beginning January 1, 2006, $6.75 beginning January 1, 2006, and $7.15 per hour, beginning January 1, 2007, as codified by N.Y. Labor Law § 652(1).

30.     Defendants willfully violated Plaintiff's rights by failing to pay him the applicable minimum wage for each hour Plaintiff worked, in violation of New York Labor Law § 592(1).

31.     Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of 40 hours per workweek.

32.     Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour of pay, at the applicable minimum wage, for each day in which Plaintiff worked 10 or more hours, in violation of the New York Labor Law and its regulations.

33.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

5

b.   An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation and minimum wage compensation due under the FLSA.;

d.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and proper minimum wage compensation pursuant to 29 U.S.C. § 216;

e.   An award of unpaid minimum wage compensation, overtime compensation and spread of hours compensation due under the New York Labor Law;

f.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage compensation, overtime compensation, and spread of hours compensation, pursuant to the New York Labor Law.

g.   An award of prejudgment and postjudgment interest;

h.   An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

i.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
      December 6, 2010

By: _____
      Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, New York 10038
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

7